Argued and submitted December 7, reversed and remanded for reconsideration in part; otherwise affirmed December 30, 1992, reconsideration denied February 24, petition for review denied May 25, 1993 (316 Or 527)

## DEPARTMENT OF LAND CONSERVATION AND DEVELOPMENT,
*Respondent,*

*v.*

## COOS COUNTY,
*Respondent Below,*

*and*

## Peter and Dianna BUSSMANN,
*Petitioners.*

(LUBA 92-103; CA A77234)

844 P2d 907

Douglas M. DuPriest, Eugene, argued the cause for petitioners. With him on the brief was Hutchinson, Anderson, Cox, Parrish & Coons, P.C., Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's remand of Coos County's comprehensive plan and zoning map amendments that allowed a redesignation of a 20-acre parcel of their property from resource use[1] to a residential designation. We take the facts from LUBA's opinion:

"The subject property is the undivided westernmost 20 acre portion of a 175 acre parcel. The history of the 175 acre parcel is relevant to this appeal proceeding.

"Until 1986, the 175 acre parcel was part of a larger parcel. In 1986, [petitioners] sought and were granted approval to partition the larger parcel into the 175 acre parcel, of which the subject 20 acres are a part, and two other parcels. The purpose of the partition was 'to reorganize two working ranches and create smaller, more efficient manage-ment units.' The subject 20 acres consist of sand and wetland soils having an agricultural capability classification of SCS Class VII. Between 26% and 40% of the soils on the 175 acre parcel are SCS Class III and IV. The balance of the soils are SCS Class VII." (Footnotes omitted.)

The county concluded that the 20-acre parcel is not "agricultural land" and is therefore not subject to Goal 3. As an alternative basis for the decision, the county took an exception to Goal 3. The Department of Land Conservation and Development (DLCD) appealed to LUBA, which held that both bases for the decision are erroneous.

LUBA concluded that the property was "agricultural land" under OAR 660-05-010(1), a section of LCDC's Goal 3 implementing rule, which includes among the lands that must be inventoried as agricultural "[l]ands in other than capability classes I-IV * * * that are adjacent to or inter-mingled with lands in [those classes] * * * within a farm unit, * * * even though these lands may not be cropped or grazed."

Goal 3 defines "agricultural land":

"[I]n western Oregon [agricultural land] is land of pre-dominantly Class I, II, III and IV soils * * * as identified in the Soil Capability Classification System of the United States

---

[1] Although the property had a forestry designation, the only issues presented to LUBA and us concern the applicability and application of state agricultural lands statutes and regulations to the county's decision.

Soil Conservation Service, and other lands which are suitable for farm use taking into consideration soil fertility, suitability for grazing, climatic conditions, existing and future availability of water for farm irrigation purposes, existing land-use patterns, technological and energy inputs required, or accepted farming practices. Lands in other classes which are necessary to permit farm practices to be undertaken on adjacent or nearby lands, shall be included as agricultural land in any event."

Petitioners contended to LUBA, and contend in their first assignment to us, that OAR 660-05-010(1) is invalid in that it adds a criterion that Goal 3 does not contain — "adjacent to or intermingled with" the specified lands in a farm unit — for determining whether land is agricultural. According to petitioners, that criterion may not be added through an implementing rule but, rather, may only be adopted through an amendment to the goal. LUBA rejected that argument, relying on our analysis in *Newcomer v. Clackamas County*, 94 Or App 33, 764 P2d 927 (1988), of another provision of LCDC's agricultural rules:

"ORS 197.040(1)(c) does not restrict LCDC's goal and rulemaking authority to the implementation of the specific provisions which comprise ORS chapters 196 and 197. It confers authority to adopt the statewide land use policies which LCDC considers necessary to carry out those chapters, which establish the general framework for all land use law in the state. * * *

"* * * * *

"* * * OAR 660-05-030(4) does more than interpret. It is part of a series of rules which articulate directory standards about dwellings in agricultural zones and related matters, define operational relationships between Goal 3 and the agricultural lands statutes and have the stated purpose of implementing Goal 3 *and* the 'Agricultural Land Use Policy pursuant to ORS 215.243.' OAR 660-05-000." 94 Or App at 36-38. (Emphasis in original.)

DLCD argues that the same analysis applies here. It asserts that OAR 660-05-010 comes within LCDC's broad authority to formulate land use policy and to explicate the statutes and goals and define their interrelationship. It maintains that the "adjacent to or intermingled with" standard in the rule simply complements the criteria in the goal and the

relevant statutes rather than establishing an independent criterion. DLCD explains, *inter alia*, that lands that are part of one farm unit comprise an existing land-use pattern and, therefore:

> "It is evident from [the] requirement that [LCDC] understood that lands within farm units, regardless of soil classification, were to be considered agricultural land subject to protection from conversion to other uses. The source of this requirement is the definition of agricultural land in Goal 3.
>
> "[T]he challenged rule simply acknowledges that land within farm units is suitable for farm use and is therefore within the definition of agricultural land in Goal 3."

DLCD continues that the rule carries out the policy of ORS 215.243 of preserving large blocks of agricultural land and also implements the provision in ORS 215.203(2)(b) that current employment for farm use extends to "[w]asteland, in an exclusive farm use zone * * * lying in or adjacent to and in common ownership with a farm use land."

We agree with DLCD and LUBA. The cases on which petitioners rely, *1000 Friends of Oregon v. LCDC (Lane Co.)*, 305 Or 384, 752 P2d 271 (1988); *Marion County v. Federation For Sound Planning*, 64 Or App 226, 668 P2d 406 (1983); *Willamette University v. LCDC*, 45 Or App 355, 608 P2d 1178 (1980), and *1000 Friends of Oregon v. Wasco County Court*, 299 Or 344, 703 P2d 207 (1985), are inapposite. In the first three cases, the rules in question were inconsistent with the operation of the goals that they purported to implement or interpret. In the *Wasco County* case, LCDC's interpretation of Goal 14 was held to be completely alien to the language of the goal. Neither of those problems obtains here. OAR 660-05-010(1) is complementary to and consistent with the goal and with the agricultural lands statutes that it implements, and it is within the authority that the statutes delegate to LCDC.

■ Petitioners also argue under their first assignment that LUBA misapplied the rule and was in error in concluding that the land comes within the "adjacent to or intermingled with" test. The principal specific points in that argument are that the 175-acre parcel as a whole is not a "farm unit" and, even if it were, the 20-acre area is not adjacent to or intermingled with the Class I-IV soils within the larger parcel.

However, the specifics of petitioners' arguments either ask us to weigh evidence or assert *sub silentio* that LUBA substituted findings of its own for the county's and that the county's were correct. We have no authority to weigh evidence or find facts in reviewing LUBA decisions, and any defect in the way LUBA reviewed or treated the county's findings is well beyond the scope of petitioners' assignment.

Petitioners' second assignment challenges LUBA's rejection of the county's Goal 3 exception. They argue, *inter alia*, that LUBA predicated its ruling on the county's failure to show a "demonstrated need" for a "reasons" exception under OAR 660-04-022(1)(a). However, the county and the parties relied on OAR 660-04-022(2), which pertains specifically to exceptions for rural residential development. DLCD acknowledges that LUBA applied the wrong rule but contends that LUBA's ruling was correct in substance and that the criteria for an exception under the applicable rule were not satisfied. However, that argument is for LUBA rather than us to resolve in the first instance.

Reversed and remanded for reconsideration of second assignment of error made to LUBA; otherwise affirmed.